In re George Roger EASTON and Elsie M. Easton, Debtors.

OTOE COUNTY NATIONAL BANK, Appellant,

v.

George Roger EASTON and Elsie M. Easton, Appellees.

No. C 87–4208.

United States District Court, N.D. Iowa, W.D.

June 22, 1988.

Karen M. McCarthy, Sioux City, Iowa, for appellant.

John E. Harmelink, Yankton, S.D., for appellees.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This appeal raises the question of whether debtors who have substantially retired from active farming, but continue to reside upon the farm itself and "cash rent" at least part of their farm to their grandson, should qualify as "family farmers" for purposes of Chapter 12 of the Bankruptcy Code. The bankruptcy court found that they qualified, 79 B.R. 836 (Bkrtcy.N.D. Iowa 1987) and the Otoe County National Bank, a major creditor of the debtors, appeals.

The court has reviewed the rulings of the bankruptcy court on this issue, and is very persuaded by its reasoning. It agrees with its interpretation of law, and does not believe that it rests upon any significant errors of fact. The court therefore incorporates the reasoning of the bankruptcy court as its own. In particular, the court embraces the "totality of the circumstances" approach taken by the bankruptcy court in deciding whether cash rent constitutes farm income, and wholeheartedly agrees with the bankruptcy court's rejection of the approach taken by the majority in *In re Armstrong*, 812 F.2d 1024, 1028 (7th Cir.1987), which held that cash rent could not constitute farm income because cash rent lessors are "insulated from the traditional risks of farming." *Id.*

The present case demonstrates the superficiality of the *Armstrong* approach. Here the lessors had pledged their farm land to secure a debt incurred by the tenant, their grandson, in operating the farm. If the tenant's income exceeds his annual liabilities, the lessors' exposure to risk is low. However, when the tenant's income cannot pay his bills, the lessors can be forced to choose between forgiving rent due and demanding full payment of the rent from funds which may be needed by the tenant for payments on the loan secured by the farm. If the lessors demand rent, they run the risk that the tenant will default and trigger a series of events which may result in the loss of their farm. The *Armstrong* approach, unlike the approach taken by the court here, would ignore this risk, and for this reason, the court believes that the bankruptcy court properly looked at the other relevant factors.

IT IS THEREFORE ORDERED that the decisions of the bankruptcy court appealed from in this matter are affirmed.